untimely manner." Majority Op. at ——, 937 A.2d at 371. This construction is consonant with the position I set forth in my Concurring Opinion in *In re Nom. Petition of Benninghoff,* 578 Pa. 402, 852 A.2d 1182, 1192 (2004) (Castille, J., joined by Eakin, J., concurring) ("Given the occasion for the amendment [to the Ethics Act which added the "fatal defect" language], I would conclude that fatal defects are limited to **untimely** filings. Mere defects or omissions in **timely** filings, such as the ones at issue here, should be subject to amendment.") (noting agreement with *Petition of Cioppa,* 533 Pa. 564, 626 A.2d 146, 148–49 (1993)) (Opinion Announcing Judgment of Court by Nix, C.J.). I agree with the Majority that our holding today necessitates overruling and/or disapproving *Anastasio* and the line of cases which have relied upon its *per se* rule.[1]

I also write to note that, although the Majority approves the "rationale" of the *Benninghoff* case to the extent it recognized, where *Anastasio* did not, the necessity of aligning the Ethics Act and the Election Code, today's holding does not adopt *Benninghoff's* "substantial compliance" rule. The fashioning of that rule was made necessary by the effect of the unfortunate *Anastasio* line. The Court having eradicated the *Anastasio* cancer,

the half-cure of *Benninghoff* has outlived its usefulness.

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Anthony ARMSTRONG, Appellee.**

Supreme Court of Pennsylvania.

Submitted Oct. 15, 2007.

Dec. 27, 2007.

Hugh J. Burns, Esq., Jonathan Michael Levy, Esq., Philadelphia District Attorney's Office, for Commonwealth of Pennsylvania.

---

1. I have joined decisions applying *Anastasio* and/or *Benninghoff* strictly on grounds of *stare decisis. See, e.g., In re Nom. Petition of Littlepage,* 589 Pa. 455, 909 A.2d 1235 (2006). *Accord id.* at 1241 (Eakin, J., concurring). While stare decisis serves invaluable and salutary principles, it is not an inexorable command to be followed blindly when such adherence leads to perpetuating error. *See Mayle [v. Pa. Dept. of Highways],* 479 Pa. 384, 388 A.2d [709,] 720 [(1978)] ("[T]he doctrine of stare decisis is not a vehicle for perpetuating error, but rather a legal concept which responds to the demands of justice and, thus, permits the orderly growth processes of the law to flourish.").

*Stilp v. Commonwealth,* 588 Pa. 539, 905 A.2d 918, 967(2006). The experience of the last few election cycles, where it became apparent that the *Anastasio* approach had become a potent political weapon, resulting in the courts being inundated with election challenges premised upon supposed "fatal defects," and candidates being removed for a variety of minor perceived "infractions," reaffirmed my belief that such was not the General Assembly's intention and that *Anastasio,* which was affirmed by this Court without explanation, required revisiting.

Joshua Sarner, Esq., Sarner & Associates, P.C., Philadelphia, for Anthony Armstrong.

BEFORE: CAPPY, C.J., and CASTILLE, SAYLOR, EAKIN, BAER, BALDWIN and FITZGERALD, JJ.

### ORDER

PER CURIAM.

The appeal is dismissed as improvidently granted.

COMMONWEALTH of Pennsylvania, Appellee

v.

Leslie Charles X. BEASLEY, Appellant.

Supreme Court of Pennsylvania.

Nov. 9, 2007.